# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Michael Lieberman,<br><br>　　　　Defendant. | Civil Action No.<br>3:15-cr-161 (PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion filed by Defendant Michael Lieberman for reconsideration of a prior order which amended a judgment of conviction to substitute National Union Fire Insurance Company of Pittsburgh ("National Union") as the victim and primary payee of restitution for Credit Agricole Securities ("Credit Agricole").

On April 26, 2017, Judge Cooper entered an order substituting in National Union as the primary payee of restitution. (ECF No. 26). On January 24, 2018, Lieberman filed a motion to reconsider that order. (ECF No. 29).

## LEGAL ANALYSIS

Lieberman contends that "[t]he only ways to amend a final order of restitution" are set forth in 18 U.S.C. 3664(o). (Brief of Lieberman, ECF No. 29 at 3). The Government contends that subsection (o) applies only "to substantive changes (i.e., the elimination or reduction of restitution)," and cites three sources of legal authority that, it argues, justified the Court's order:

Federal Rule of Criminal Procedure 36; the Mandatory Victim Restitution Act of 1996 (MVRA); and the All Writs Act. (Government's Brief, ECF No. 39 at 2-5).[1]

## Reconsideration

Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, "the New Jersey Local Rules of Criminal Procedure specifically incorporate Local Civil Rule 7.1(i), which governs such motions." *United States v. Demuro*, 2010 WL 2696105 at *2 (D.N.J. July 2, 2010); *see also* L. Crim. R. 1.1. Motions for reconsideration must "be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i).

At the outset, the Court notes that Defendant's motion for reconsideration was extraordinarily late, having been filed on January 24, 2018; almost nine months after Judge Cooper's order. There being no apparent ground for excusable neglect, the motion is denied on that ground.

## Mandatory Victim Restitution Act

Substantively, the Court also agrees that Judge Cooper's order was proper. This motion concerns a conflict between two federal statutes. As a general rule, the Third Circuit "look[s] with disfavor upon changes to a judgment after the fact." *United States v. Bennett*, 423, F.3d 271, 276-77 (3d Cir. 2005). However, in some circumstances, such amendments are permitted by court rule or by statute. Under 18 U.S.C. § 3664(o), which governs orders of restitution:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--

---

[1] Federal Rule of Criminal Procedure 36, which applies to "clerical error[s] in a judgment . . . arising from oversight or omission," does not apply here. The judgment was entered on September 16, 2015. The assignment which prompted Judge Cooper's order was executed on January 11, 2016. Therefore, there was no error. Similarly, the Court declines to act pursuant to the All Writs Act because there is no indication that Judge Cooper's order was issued pursuant to that act and no extraordinary circumstances were present. *See Davis v. Glanton*, 107 F.3d 1044, 1047 n.4 (3d Cir. 1997).

2

> (1) such a sentence can subsequently be--
>   a. corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>   b. appealed and modified under section 3742;
>   c. amended under subsection 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o). None of subsection o's provisions permitting modification apply to Judge Cooper's order substituting the victim.

However, the Mandatory Victim Restitution Act (MVRA) requires the court to order that restitution be paid to a person who "provided or is obligated to provide compensation" to a victim, including "insurance or any other source," except that "the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." 18 U.S.C. § 3664(j)(1).

Thus, the restitution statute and the MVRA appear to be in conflict. Under the specificity canon of statutory construction, "a 'narrow, precise, and specific' statutory provision is not overridden by another provision 'covering a more generalized spectrum.'" *Cazun v. Attorney General of the United States*, 856 F.3d 249, 264 (3d Cir. 2017) (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976)); *see also* Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 183 (2012).

National Union's original written submission requesting substitution (ECF No. 24) included an attached "Assignment and Release," whereby National Union, Credit Agricole's insurer, made a payment of $1,390,823 (the full amount less the deductible of $250,000). (ECF No. 24 at Ex. B). Judge Cooper's order therefore brought the restitution order in compliance with the MVRA, which imposed a more narrow, precise, and specific requirement. As such, reconsideration of the Court's prior order is not warranted here.

## Order

This matter comes before the Court on a motion filed by Defendant Lieberman for reconsideration of the Court's prior order "substitut[ing] National Union as victim and primary payee of restitution with respect to $1,390,823.00 of the total restitution obligation." (ECF No. 26). The Court has considered the arguments set forth in the parties' written submissions. Accordingly, for the reasons stated herein and for good cause shown;

**IT IS** on this 20 day of June, 2019;

**ORDERED** that Mr. Lieberman's motion for reconsideration, (ECF No. 29), is denied.

PETER G. SHERIDAN, U.S.D.J.