UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          *Plaintiff,*<br>v.<br>MICHAEL LIEBERMAN,<br>          *Defendant.*<br>DALANA LIEBERMAN,<br>          *Interested Party.* | Civil Action No.<br>3:15-cr-00161 (PGS)(TJB)<br><br>**MEMORANDUM** |

This motion comes before the Court on Dalana Lieberman's petition for ancillary relief (ECF No. 27) and motion to dismiss or stay (ECF No. 77), and the United States' motion to dismiss the ancillary petition (ECF No. 49). The Court heard oral argument on June 16, 2021. For the reasons that follow, the United States' motion to dismiss is denied, Mrs. Lieberman's motion to dismiss or stay is denied, and the Court will hold an evidentiary hearing on Mrs. Lieberman's petition for ancillary relief.

I.

Between June 2012 and May 2014, Defendant Michael Lieberman ("Defendant") defrauded his employer, Credit Agricole Securities, Inc. ("Agricole"), of $1,541,565 by wiring funds into a bank account that he owned or controlled. (ECF No 49 at 2-3; ECF No. 80 at 1). National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") indemnified Agricole, the victim, and was ordered restitution in the amount of $1,390,823. (ECF No. 80 at 1; ECF No. 26).

On April 15, 2015, Defendant pleaded guilty to wire fraud and entered into a plea agreement with the United States and entered a Consent Judgment of Forfeiture. The Consent Judgment included

a property in North Carolina that was purchased with proceeds traceable to his crime (NC Residence).[1] Because he admitted that the NC Residence had the requisite nexus to the offense, the Government published the required notice of forfeiture to third parties. 21 U.S.C. §853 (n)(1). (ECF No. 49 at 3).

In April 2017, Defendant's wife, Dalana Lieberman, filed an ancillary petition to assert her third-party interest in the NC Residence – which she contends is held by tenancy in the entirety, and as such, she is an innocent owner.[2] (ECF Nos. 27, 77). According to Mrs. Lieberman, she had no knowledge of her husband's criminal activity; and the NC Residence was purchased primarily with her own savings in June 2014, and she alone paid for the maintenance, renovations, improvements, state taxes, homeowners association fees, utility bills, and furnishings.[3] (ECF No. 27 at 2-3). Mrs. Lieberman alleges that the home was purchased in part using approximately $45,000 from the Liebermans' joint savings account, to which she had contributed most of the money ($35,953) from her Social Security Disability backpay. Approximately $8,000 was contributed from profits derived from the sale of the family's former home, and Defendant contributed very little savings of his own. (ECF No. 77 at 1; ECF No. 27 at 2). She asserted that she and her children, who currently live in the home, have insufficient funds to relocate and nowhere else to live. (*Id.* at 3). Ms. Lieberman is unable to work due to a permanent disability, and relies on public assistance to provide for herself and her children. (*Id.*).

Further, Mrs. Lieberman noted that Defendant conveyed his interest in the NC Residence to her by quitclaim deed in December 2015. (*Id.* at 1). As a result, she believes she is the sole owner of the

---

[1] He also agreed to forfeit the aggregate proceeds of the wire fraud, in the amount of $1,541,565. (ECF No. 49 at 3).

[2] Originally, the United States moved to dismiss Mrs. Lieberman's ancillary petition because it was not submitted under penalty of perjury as required by 21 U.S.C. § 853(n)(3). (ECF No. 49). However, she later cured the deficiency, rendering the motion to dismiss moot. (*See* ECF Nos. 55 & 56).

[3] Along with her petition, Mrs. Lieberman submitted documentation of approximately $54,000 that she invested in the home. (*See* ECF No. 27 at 3 and attachments).

NC Residence, and that her husband cannot forfeit to the government a real property interest that he no longer holds. (*See id.*). She filed a quiet title action in North Carolina to ascertain her ownership interest in the property. (ECF No. 77 at 1-2).

On April 19, 2021, Mrs. Lieberman filed a motion asking the Court to either (1) stay the ancillary proceeding until her quiet title action is adjudicated in North Carolina; or (2) dismiss the forfeiture proceeding, and direct the United States to take action in North Carolina, where the NC Residence is located. Both the United States and National Union[4] oppose the motion. The Court heard oral argument on June 16, 2021, and granted the parties leave to file supplemental briefs. (ECF No. 87; see also ECF Nos. 86, 88).

## II.

Pursuant to the criminal forfeiture statute, no party claiming an interest in property subject to forfeiture may

> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
>
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k). The only exception to that rule is that a third-party may file an ancillary petition to assert a claim to the property subject to forfeiture. 21 U.S.C. §§ 853(k), (n); *see also* Fed. R. Crim. P. 32.2(c). At the hearing on the petition, the petitioner and the United States may present evidence and witnesses. 21 U.S.C. § 853(n)(5). The statute reads:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—

---

[4] National Union proposes that the Court order the property to be sold, hold an evidentiary hearing to determine Ms. Lieberman's equity, and pay her that amount from the proceeds of the sale. The remaining proceeds would be paid to National Union and deducted from the restitution payments owed by Defendant. (ECF No. 80).

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section; the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

### III.

Mrs. Lieberman initiated an ancillary proceeding to assert her interest in the subject property in accordance with 21 U.S.C. §§ 853(k) and (n). The United States acknowledged that its motion to dismiss Mrs. Lieberman's ancillary petition would be moot if she signed the appropriate documents to state that it was filed under penalty of perjury – and she did so. As a result, the motion to dismiss the United States' ancillary petition (ECF No. 49) is denied as moot.

The Court will permit the case to proceed to an ancillary hearing and will deny Mrs. Lieberman's motion to dismiss or stay. It appears this matter is properly before the Court under 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1). At the ancillary hearing, the Court will consider the testimony and evidence and the legal arguments presented by the parties in order to determine Mrs. Lieberman's interest in the subject property, and whether the Forfeiture Order should be amended. *See* 21 U.S.C. § 853(n)(5); *See also* Fed. R. Crim. P. 32.2(c)(2).

_____
PETER G. SHERIDAN, U.S.D.J.